UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

MICHAEL T. MCCARTHY,

Debtor.

Chapter 13
Case No. 18-20099

**ORDER ON FIRST AND FINAL FEE APPLICATION OF JEFFREY P. WHITE AND ASSOCIATES, P.C. FOR COMPENSATION OF LEGAL SERVICES**

This matter came before the Court on the First and Final Fee Application of Jeffrey P. White and Associates, P.C. for Compensation of Legal Services [Docket Entry ("D.E.") 60] (the "Fee Application") pursuant to which Jeffrey P. White and Associates, P.C. (the "Applicant") seeks final allowance of $11,629.00 in fees and $641.36 in reimbursements. The Applicant voluntarily discounted its fees by ten percent (10%) prior to filing the application. The Debtor filed a placeholder objection to the Fee Application (D.E. 66) while the Debtor and the Applicant attempted to resolve the fee issues amicably. When that failed, the Debtor, by consent, and with authority from this Court, filed the Debtor's Supplemental Objection to First and Final Application for Compensation [D.E. 75] (the "Supplemental Objection"), after which Applicant filed its Reply to Debtor's Supplemental Objection to Fee Application [D.E. 80] (the "Response"). For the reasons set forth below, the Court hereby allows the Applicant, on a final basis, $11,629.00 in fees and $641.36 in reimbursements. This claim will not be subordinated to the claim of any other professional, including any claim held by Molleur Law Office ("MLO").

The Debtor raises several objections to the allowance of fees; some general and others more specific. First, the Debtor generally asserts that the Applicant's services were inadequate and that the time it billed was disproportionate to the actual progress of the case. More specifically,

the Debtor points to five separate time entries relating to fees billed for preparation for and attendance at continued hearings on confirmation, arguing that these fees should be disallowed because the Applicant did not do any meaningful work between appearances at Court. Along these same lines, the Debtor also argues that Applicant's fees for time spent preparing the Debtor's chapter 13 plan and researching the Secretary of State's website and UCC filings should be reduced because the plan failed to address numerous liens.

The Court closely reviewed the fee detail submitted by the Applicant as well as the docket in this case and, while some deductions are in order, the Court finds that that the fees in this case are largely reasonable. As the Applicant asserts, and the fee detail demonstrates, this case is more complex than the typical chapter 13 case and the dissolution of the Debtor's business, the business reporting requirements, and the issues with taxing authorities necessitated more intense involvement by counsel in the preliminary stages of this case. The Applicant facilitated the transfer of assets and liabilities, drafted schedules and a chapter 13 plan, fielded telephone calls regarding tax issues, researched assets and dealt with some potential stay violations.

Upon comparing the original plan drafted by the Applicant and the amended plan drafted by MLO, this Court is not convinced that the Applicant erred by not including certain alleged liens in section 3.2 of the form chapter 13 plan. The Court finds credible the Applicant's explanation that attorney Jeffrey White intended to address these claims in a claim objection to be filed post-confirmation in accordance with local procedures. Accordingly, the absence of these creditors from the plan appears to be the product of differing styles of practice rather than inattention or, worse, incompetence. The Court will not, therefore, deduct any of the fees associated with researching liens or drafting the plan on these grounds.

The Court does, however, find merit in the Debtor's complaint regarding Mr. White's lack of diligence later in the case. The Court held the first hearing on confirmation in this case on May 9, 2018. At this initial hearing, Mr. White explained that this is a complex case and asked that the hearing on confirmation be continued to July 25, 2018 to allow extra time to address objections raised by the chapter 13 trustee (the "Trustee"). Although Mr. White was afforded well over a month to make progress on the Trustee's objections, many of the issues remained outstanding, including the submission of a memorandum or certification regarding the Debtor's marital status. The few documents the Debtor provided were not delivered to the Trustee until late in the day on July 24, 2018. The hearing was continued to September 18, 2019.

The only time entries appearing on the fee detail between the July 25, 2018 hearing and the September 18, 2018 hearing are two entries totaling .8 hours for "preparation" for the September 18, 2018 hearing. At this hearing, the Trustee reiterated a long list of items which remained outstanding. For his part, Mr. White reported that he had only that morning filed a number of monthly operating reports timely received by the Debtor but not previously provided to the Trustee. He also stated—without indicating any efforts to follow up—that he had not received a response to an e-mail he sent to an Internal Revenue Service employee over three months earlier.

Mr. White appeared on the Debtor's behalf at the continued confirmation hearing held on November 7, 2018. During that hearing, Mr. White admitted that he couldn't "remember where we are" and acknowledged that the Trustee wanted further information but that those requests had "fallen off the radar." The Trustee went on to list the same outstanding obligations he recounted at two prior hearings.

Based on the time records, and a review of the confirmation hearings on July 25, 2018, September 18, 2018 and November 7, 2018, this Court finds that the Applicant did not take the

steps necessary to move the Debtor's case toward confirmation. Accordingly, the Court hereby finds that fees totaling $900.00 incurred in relation to those hearings, which were rendered meaningless by Mr. White's failure to timely address outstanding issues, were both unreasonable and unnecessary.

The Debtor also notes a number of "lumped" billing entries and requests that these time entries be disallowed. The entries identified by the Debtor are, in fact, billed in a manner that renders it difficult for this Court to determine the reasonableness of time associated with each separate task. However, the Applicant's subsequent clarification of these entries—while not ideal and not acceptable as a regular practice given the widely acknowledged policy in favor of contemporaneous timekeeping—provides a credible explanation as to these fees. Accordingly, these previously "lumped" fees are hereby allowed.

Next, the Debtor contends that certain tasks billed by Mr. White are clerical in nature or, at least, should be billed at paraprofessional rates. Many of the entries identified by the Debtor relate to the review of monthly operating reports, court orders or claim-related documents. The review of these types of documents is necessary in order to understand and manage the administration of a bankruptcy case and, therefore, it was appropriate for Mr. White to bill for this type of activity. Other entries, however, are harder to justify at Mr. White's billable rate. The Applicant concedes that .1 hour billed by Mr. White on March 22, 2018 for reviewing a notice of appearance for Sargent Materials should have been billed at paralegal rates, and this Court agrees. The Court further finds that three other time entries billed by Mr. White at his standard hourly rates should have been billed at paralegal rates: (1) .2 hour billed on March 6, 2018 for reviewing and forwarding to a client a standard 341 notice; (2) that portion of .2 hour billed on September 18, 2018 related to filing of monthly operating reports; and (3) that portion of .4 hour billed on

October 1, 2018 related to the filing of a motion to extend time. In all, the Applicant's fees should be reduced by $105.00 as a result of these specific billing entries.

The Applicant concedes that $120.00 in fees should be disallowed for a duplicative time entry on October 1, 2018 but denies that certain entries billed by McKenzie White and identified by the Debtor should be disallowed because they relate to clerical services. These time entries relate largely to filing documents with the Court, calendaring dates and uploading documents to the Trustee's website. Professionals regularly seek allowance of fees incurred in connection with these tasks. In fact, the fee application submitted in this case by MLO and currently pending before this Court seeks similar entries.[1] In the past, the Court has allowed such fees with the understanding that uploading documents to the Trustee's office and filing documents with the Court does require some specialized training with respect to rules regarding personal identifiers, ECF and sharefile procedures, as well as an understanding of the types of documents being provided to the Trustee or filed with the Court. Calendaring also requires some understanding of where to find deadlines and the significance of these dates. Therefore, the Court generally finds that the time entries identified by the Debtor for these tasks should be allowed in full. However, for the same reasons Mr. White's fees billed in connection with the July 25, 2018, September 18, 2018 and November 7, 2018 hearings should be disallowed, the Court also finds that the fees billed by McKenzie White in connection with calendaring these hearings are likewise unnecessary and unreasonable.

---

[1] *See* First Interim Application of Molleur Law Office for Compensation of Legal Services [D.E. 76] at Exhibit B: (1) 0.20 billed by DLK on January 8, 2019 for "Review of e-mails from TS re Supp Matrix, finalize supp matrix, Certification of matrix, not to creditors, COS, *file all with court and email KS to mail same*"; (2) 0.10 billed by DLK on January 10, 2019 for Review, *save and upload* Dec P&L"; (3) 0.10 billed by DLK on April 9, 2019 for "Review March P & L, *upload same to trustee*"; (4) 0.30 billed by DLK on April 12, 2019 for "Review email from client re Kabbage, review clients account, *save and upload Kabbage docs to trustee*"; and (5) 0.10 billed by DLK on June 10, 2019 for "Review May business report, *upload to sharefile*".

5

The Debtor also argues that $300.00 in fees billed on November 23, 2018 for reviewing the Debtor's file and submitting proof of pre-petition income to the Trustee should be disallowed or, at least, reduced because the task took too long and occurred too late in the case to be reasonable. The Court is loath to set time limits for certain tasks and one hour does not seem an outrageous period of time to spend reviewing a client's filing and pulling together proof of pre-petition income. The Trustee asked for this information at each of the confirmation hearings Mr. White attended. While it should have been provided earlier in the case, it is apparent from those hearings that this information was necessary to satisfy the Trustee's concerns regarding the Debtor's budget. Accordingly, while not timely, the fees billed in connection with the provision of these documents appear reasonable and necessary.

In all, this Court finds that $1,152.00 in fees sought by the Applicant are unreasonable and/or unnecessary. However, as noted above, these fees total less than the $1,292.00 in fees the Applicant voluntarily waived as a ten percent (10%) deduction and, therefore, the Court will allow in full the Applicant's request for compensation in the amount of $11,629.00 in fees and reimbursement of $641.36 in expenses.

The final concerns raised in the Objection relate more specifically to discussions between MLO and Mr. White. Specifically, MLO alleges that it agreed to represent this Debtor, and others, with the understanding that there would be sufficient funds set aside for administrative costs. MLO faces the very real risk in this case of recovering few, if any, of its fees. This Court is sympathetic to MLO's plight in this case and others in which it stepped into the breach at the Applicant's request. However, there is no evidence of a specific fee sharing agreement before this Court and both parties requested that this matter be decided on the papers. The Code permits a Court to award reasonable compensation to a professional for actual and necessary services and

6

reimbursement for actual, necessary expenses. 11 U.S.C. §330(a)(1). Having found that the Applicant's services were, to the extent discussed above, actual and necessary and, further, that the compensation sought is reasonable, the Court feels compelled to award compensation and reimbursement. That award gives the Applicant a claim against the estate under 11 U.S.C. § 503(b)(2). The Code determines the priority of payment on those claims. Absent evidence of a written agreement subordinating Mr. White's claim, this Court sees no basis for upsetting the priority scheme set forth in the Code.

Accordingly, the Debtor's objection is overruled. The Applicant is hereby awarded $11,629.00 in fees and reimbursement of $641.36 in expenses for a total award of $12,270.36. The Applicant previously received $3,325.00 from the Debtor pre-petition, leaving a balance due of $8,945.36 to be paid as an administrative expense by the Trustee. The Trustee is authorized to disburse funds to the Applicant in the aforesaid amount or to the extent of available funds.

Date:  July 2, 2019                    /s/ Peter G. Cary
                                            Peter G. Cary
                                            United States Bankruptcy Judge